[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The parties to this action were married on May 15, 1988. They have three minor children, to wit: Sylvia, born October 13, 1991; Lillian, born February 3, 1995; and Aron, born September 6, 1996, all of whom reside with the plaintiff wife ("wife") in the marital home at 424 Cognewaugh Road, Greenwich, Connecticut. The defendant husband ("husband") has resided elsewhere pursuant to a Stipulation (#120.10) of the parties dated June 20, 2001. The wife is a self-employed public relations consultant whose monthly income (after deduction for business expenses) is $3,717. The husband is currently on disability leave from his employer, Sands Brothers Company Ltd. where he worked as a securities broker and portfolio strategist. In the year 2000 his W-2 showed in excess of $490,000 income for the year. Currently, he receives two disability income checks per month, one from Guardian Life Insurance in the amount of $15,000, which is taxable, and another from Nortnwestern Mutual Life Insurance in the amount of $7,625 which is not. The wife has moved for temporary alimony and support (#112), and the court heard from the parties over the course of two days.
 FINDINGS
The Court, having heard the testimony of both parties, and having considered the evidence presented at hearing, as well as the factors enumerated in Sections 46b-61, 46b-82, 46b-83, 46b-84, and 46b-215a of the Connecticut General Statutes, including the Child Support and Arrearage Guidelines Regulations, hereby makes the following findings:
 1. That the husband is currently on a medical leave of absence from his employer; that no credible evidence was offered to rebut the husband's testimony regarding his disability and inability to engage in his usual and customary employment; and that the net income of the wife is $717.00 per week and that the net income from the husband is $3,990 per week. Tevolini v. Tevolini, 66 Conn. App. 16, 24 (2001).
 2. That the presumptive basic child support is $684.00 per week; and that the husband's share is $579.00; and that the combined net family income of the parties is in excess of the Child Support Guidelines.
3. The Court finds that it is appropriate and equitable to apply the deviation criteria set forth in Section 46b-215a-3 (b)(5) of the Child Support and Arrearage Guidelines Regulations, on the basis of the coordination of total family support. CT Page 2176
 ORDER
IT IS HEREBY ORDERED THAT:
 1. Commencing March 1, 2002, and monthly thereafter, the husband shall pay to the wife the sum of $12,000.00 as and for periodic unallocated alimony and child support, until the death of either party or further order of court, whichever shall sooner occur. Thereafter, the wife shall be responsible for the payment of all customary and ordinary expenses related to the household at 424 Cognewaugh Road, including, but not limited to, mortgage, home equity, real estate taxes, homeowners insurance, and the nanny.
 2. The Court hereby orders an Immediate Wage Withholding Order pursuant to § 52-362 C.G.S in order to secure the payment of the alimony and child support orders.
 THE COURT ___________________ SHAY, J.